UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

SCOTT ARLIS THOMAS,

Defendant.

Case No. 1:20-cr-00220-BLW

**MEMORANDUM DECISION & ORDER**

## INTRODUCTION

Defendant Scott Arlis Thomas has filed a pro se motion for reduction of sentence based on Amendment 821 to the United States Sentencing Guidelines. *See* Dkt. 82. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On August 17, 2022, this Court sentenced Defendant to 120 months' imprisonment after he was found guilty of unlawful possession of a firearm, unlawful possession of ammunition, and possession of an unregistered firearm. *See Aug. 17, 2022 Judgment*, Dkt. 63. His Total Offense Level was 26 and his Criminal History Category was V, which yielded a guidelines range of 110 to 137 months. *See Statement of Reasons,* Dkt. 64.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into

Parts A and B.

**A. Part A**

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

In this case, Thomas's criminal history score—before adding any status points—was 9. *See Presentence Investigation Report*, Dkt. 31, ¶ 48. He received two status points, bringing his total criminal history points to 11. Under Amendment 821, Thomas would receive only one status point, reducing his total criminal history score from 11 to 10. But this reduction does not change his Criminal History Category. A score of 10, like a score of 11, falls within Criminal History Category V. Accordingly, Thomas's applicable guideline range remains unchanged.

### B. Part B

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B does not apply because Mr. Thomas is not a zero-point offender.

### C. Other Considerations

The Court acknowledges Thomas's rehabilitative efforts while incarcerated, including his participation in educational and mentoring programs and his positive institutional record. Although these efforts are commendable, they do not provide an independent basis for reducing his sentence under § 3582(c)(2).

Thomas also suggests that removing a status point from his criminal history score could affect his classification and housing assignments within the correctional system. *See* Dkt. 82, at 2. But § 3582(c)(2) does not authorize the Court to independently revise a defendant's criminal history score or amend his presentence investigation report for purposes of correctional classification. Rather, it authorizes a reduction in the defendant's term of imprisonment only when a retroactive Guidelines amendment lowers his applicable guideline range. Because Amendment 821 does not lower Thomas's applicable guideline range, the Court cannot grant the requested relief under § 3582(c)(2).

## ORDER

**IT IS ORDERED that** Defendant's Motion to Remove Status Point and Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 82) is **DENIED.**

DATED: October 13, 2026

B. Lynn Winmill
U.S. District Court Judge